UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Derck Wade                                              ECF CASE

                        Plaintiff,                      **COMPLAINT**

        -against-                                       **JURY TRIAL**
                                                        **DEMANDED**

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
NATASHA PURRIER
                        Defendants.

------------------------------------------------------------X


## NATURE OF ACTION

1.      This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual defendants caused the unjustifiable arrest of plaintiff, the unlawful confinement of plaintiff and the malicious prosecution of plaintiff. Plaintiff was also deprived of his constitutional and common law rights when the defendants caused the unlawful seizure of Plaintiff's property resulting in its damage and/or loss.


## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

1

## VENUE

4.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

5.      The Plaintiff, Derck Wade, is a citizen of the United States, and is and was at all times relevant herein a resident of New York, New York.

6.      At all times relevant hereto, Police Officer Natasha Purrier, shield # 12076, was acting in the capacity of agent, servant, and employee of Defendant City of New York (herein CITY), and within the scope of his employment as such.  Officer Purrier is being sued in his individual capacity.

7.      At all times relevant herein, the individual Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, servants and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

8.      Defendant CITY is a municipality organized and existing under the laws of the State of New York.  At all times relevant hereto, Defendant CITY, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD

personnel. In addition, at all relevant times, Defendant CITY was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

## STATEMENT OF FACTS

9.      On April 6, 2011, Plaintiff Derck Wade resided at 111-15 Lefferts Blvd, S. Ozone Park, NY 11420.

10.     At approximately 5:45 p.m., Plaintiff was driving in the vicinity of Pitkin and Shepherd Avenues on his way home from work.

11.     Plaintiff was stopped at a police check point and asked for his license and registration.

12.     Plaintiff provided everything that was requested.

13.     When Defendant returned, she placed Plaintiff under arrest.

14.     Plaintiff was told he was driving with a suspended license and consequently was going to be placed under arrest. His license was seized. Plaintiff tried to explain to them that this was incorrect, that the license they possessed was restricted and not suspended, but the Defendants ignored him and proceed with the arrest without any further investigation..

15.     Plaintiff was taken to the 75th Precinct and then to Central Booking.

16.     Plaintiff remained in the Central Booking until April7, 2011. Plaintiff spent approximately 24 hours imprisoned.

17.     Plaintiff was charged with violating VTL section 511 of the Vehicle and Traffic Law for driving with a suspended license

18.     At no time was Plaintiff driving with a suspended license. Plaintiff did have a

3

restricted license that allowed him to drive to and from work.

19.    The word "restricted" is clearly printed on the license of Defendant. Nowhere on the license does the word "suspended" appear.

20.    Plaintiff went to the Department of Motor Vehicles to inquire if he had a suspended license. Plaintiff was informed that he did not have a "suspended" license and was re-issued a new license within the next few days.

21.    Plaintiff's car was impounded and he was forced to pay for it to be released and it caused him to also miss work.

22.    Plaintiff's license was never returned to him. Instead, Plaintiff was forced to obtain a replacement license from the Department of Motor Vehicles on April 8, 2011.

23.    On April 21, 2011 all charges against Plaintiff were dismissed.

24.    The arrest of the Plaintiff by the Defendant Officers was unreasonable and far in excess of their lawful authority as New York City police officers. The arrest of the Plaintiff was made without reasonable or probable cause and the amount of time the Plaintiff spent incarcerated was excessive. The seizure of plaintiff's vehicle was unlawful.

25.    As a direct and proximate result of this unlawful arrest and malicious prosecution, the Plaintiff has suffered a loss of income, as well as experience psychological pain, suffering and mental anguish and other losses.

26.    A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Rights under §1983, U.S. Constitution, and Fourth and Fourteenth Amendments

27.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 26 with the same force and effect as if more fully set forth at length herein.

28.    By falsely arresting Plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

29.    The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

30.    The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

31.    The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

32.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

5

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Rights under § 1983, Malicious Prosecution

33.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein.

34.    The Officer Defendants maliciously commenced criminal proceedings against Plaintiff, charging him with the offenses of VTL 511U.

35.    The Officer Defendants charged Plaintiff with these crimes falsely, maliciously, in bad faith, and without probable cause.

36.    After proceedings in April 21, 2011 Criminal Court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

37.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION

### Municipal Liability Claim Against the City of New York For Failure to Properly Hire, Train, Supervise and Discipline Employees

38.    The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 37 with the same force and effect as if more fully set forth at length herein.

39.    Individual Defendants' destruction of property, unlawful arrest and detention without probable cause comprised a violation of Plaintiff's civil right to be free of such actions under the Fourth and Fourteenth Amendments to the Constitution.

40.    Individual Defendants' seizure of property and unlawful arrest and detention without probable cause was pursuant to custom, practices, policy or uses of Defendant, the City of New York, through the New York City Police Department.

41.    Upon information and belief, Defendant CITY failed to discipline Officer Defendants for their false arrest and seizure of the Plaintiff's property.

42.    Upon information and belief, Defendant CITY failed to discipline Officer Defendants for the unlawful arrest and detention without probable cause of Plaintiff.

43.    Under this custom, usage practice or policy, the City of New York:

    a.  encouraged and/or condoned the use of excessive force, unlawful arrest and detention without probable cause;

    b.  encouraged and/or condoned the practice of using excessive force, detaining individuals without probable cause and falsely accusing and arresting individuals;

    c.  failed to adequately screen applicants to the New York City Police Department;

    d.  failed to investigate, or punish the excessive use of force, false arrest and unlawful detentions by the New York City Policy Department;

    e.  failed to provide adequate training to its New York City Police Department regarding the use of force, the constitutional limits of force, the proper use of weapons including handcuffs and the proper method of arresting and detaining.

## FIFTH CAUSE OF ACTION

## FALSE ARREST

44.    Plaintiff repeats and realleges paragraphs 1 through 43 as if the same were fully set forth at length herein.

7

45.    The Officer Defendants wrongfully and illegally arrested and imprisoned plaintiff and/or failed to prevent other officers from doing so.

46.    The wrongful, unjustifiable and unlawful arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable or reasonable cause.

47.    The Officer Defendants further falsely arrested and imprisoned plaintiff when they held her in custody for an extended and unreasonable period of time after.

48.    At all relevant times, the Officer Defendants acted forcibly in arresting and imprisoning plaintiff.

49.    At all relevant times, plaintiff was unlawfully, wrongfully, and unjustifiably arrested, deprived of her liberty, and imprisoned.

50.    At all times mentioned, the unlawful, wrongful, and false imprisonment of plaintiff was without right and without cause.

51.    All of the foregoing occurred without any fault or provocation on the part of plaintiff.

52.    Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest and imprisonment during this period of time.

53.    The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, and are guilty of egregious and gross misconduct towards plaintiff.

54.    Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their wrongdoing under the doctrine of

8

## SEVENTH CAUSE OF ACTION

## Violation of Plaintiff's Rights under §1983, U.S. Constitution, and Fourth and Fourteenth
### Amendments

61.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 60 with the same force and effect as if more fully set forth at length herein.

62.     By unlawfully seizing Plaintiff's property without probable cause, and damaging and/or holding said property for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

63.     The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

64.     The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

65.     The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

66.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## JURY DEMAND

67.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $1,000,000.00 against the individual Defendants, Police Officer Purrier, The New York City Police Department, and the City of New York, joint and severally, together with interest and costs; and punitive damages in the sum of $2,000,000.00 against the individual Defendants, jointly and severally.

    a.  That the Plaintiff recover the cost of the suit herein, including reasonable attorney's feeds pursuant to 42 U.S.C. §1988.

    b.  That the Plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:    July 3, 2012
          New York, New York

RICHARD P. REYES, ESQ. (RR 8457)
BARNUM & REYES, P.C.
30 Vesey Street, 2nd Floor
New York, New York 10007
(212) 966-3761

11